# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STEVEN G. WOYNAR and ANNA SAPIA,**
                **Plaintiffs,**

**-vs-**                                            **Case No.  6:10-cv-1458-Orl-28GJK**

**MICHAEL CHITWOOD, Chief of Police of
the City of Daytona Beach, Florida,
OFFICER THOMAS ALFANO, OFFICER
JAMES CHIRCO, OFFICER MICHAEL
OTERI, OFFICER RANDALL DOYLE, and
OFFICER CHARLES FIELDS,**
                        **Defendants.**
_____

# ORDER

This cause is before the Court on (1) Defendant Charles Fields's Motion to Strike

Plaintiff Sapia's Memorandum in Opposition to Officer Fields's Motion for Summary

Judgment (Doc. 84); (2) the Motion by Defendants Alfano, Doyle, and Fields to Strike Certain

Transcripts Filed in Support of Plaintiffs' Oppositions to Defendants' Motions for Summary

Judgment (Doc. 85); and (3) Plaintiffs' Motion to Strike Affidavits of Officers Alfano and

Fields (Doc. 97).

I.  Motion to Strike filed by Defendant Fields (Doc. 84)

Defendant Fields asks in his motion that Plaintiff Sapia's memorandum (Doc. 81) be

struck because parts of it are single-spaced rather than double-spaced as required by the

Local Rules.  Plaintiff Sapia responds that she did not intentionally single space in order to

bring the memorandum within the twenty-page limit.[1]  (Doc. 90 ¶ 19).  Although Plaintiff

_____

[1]Plaintiffs' memorandum (Doc. 81) is nineteen pages long as filed.

Sapia's memorandum is technically noncompliant with the Local Rules, it will be considered by the Court in its current form and will not be struck, nor will Plaintiff Sapia be required to resubmit it.

II.  Motion to Strike filed by Defendants Alfano, Doyle, and Fields (Doc. 85)

Defendants Alfano, Doyle, and Fields argue in their motion to strike that four depositions submitted by Plaintiffs in opposition to Defendants' summary judgment motions should be struck because they were taken in a prior case to which Defendants were not parties,[2] citing Federal Rule of Civil Procedure 32(a)(8)[3] and Federal Rules of Evidence 801, 802, and 804(b)(1).  However, this contention is rejected.

Courts and commentators have recognized that the standards for what evidence—including depositions—may be considered at the summary judgment stage of a case are more relaxed than the standards for what evidence is admissible at trial and have found depositions properly considered even if taken in a prior case involving different parties. See, e.g., Gulf USA Corp. v. Fed. Ins. Co., 259 F.3d 1049, 1056 (9th Cir. 2001) ("Sworn deposition testimony may be used by or against a party on summary judgment regardless of whether the testimony was taken in a separate proceeding.  Such testimony is considered

---

[2]The prior case, Case No. 6:08-cv-117-DAB in this Court, involved the same subject matter as the instant case—repossession of a boat—and was an admiralty case filed by Plaintiff Woynar to establish the ownership of the boat.

[3]This rule provides:  "A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence."  Fed. R. Civ. P. 32(a)(8).

to be an affidavit pursuant to Federal Rule of Civil Procedure 56(c), and may be used against a party on summary judgment as long as the proffered depositions were made on personal knowledge and set forth facts that were admissible in evidence.") (internal citation omitted); Diamonds Plus, Inc. v. Kolber, 960 F.2d 765, 767 (8th Cir. 1992) ("[A] deposition need not be admiss[i]ble at trial in order to be properly considered in opposition to a motion for summary judgment."); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2142, at 634-35 (3d ed. 2010) ("Rule 32(a) governs the use of a deposition at a trial or upon the hearing of a motion or an interlocutory proceeding. . . . [D]epositions can be used more freely on motions than the rule would seem to indicate.  A deposition is at least as good as an affidavit and should be usable whenever an affidavit would be permissible, even though the conditions of the rule on the use of a deposition at trial are not satisfied.").   Moreover, two of the depositions are of party-opponents—Defendants Alfano and Fields—and pursuant to Federal Rule of Evidence 801(d)(2) are thus not hearsay and permissible for use at trial in any event.  All four of the challenged depositions will be considered in resolving the pending summary judgment motions and thus will not be struck.

These Defendants also move to strike a transcript of a telephone call that Plaintiffs have attached to their response to Alfano's summary judgment motion.  Defendants are correct that as filed, this transcript has not been authenticated in any manner—it is simply attached to a memorandum of law.  However, Plaintiffs request an opportunity to authenticate this transcript, (Doc. 90 ¶ 18), and that request will be granted.

III.  Plaintiffs' Motion to Strike (Doc. 97)

In their motion to strike, Plaintiffs request that the Court strike the affidavits filed by Defendants Alfano and Fields, arguing that these affidavits are inconsistent with the deposition testimony of these two Defendants and should not be considered.  The Court will not strike the affidavits at this time; however, inconsistencies and the ramifications thereof will be considered when the motions for summary judgment are reviewed by the Court.

IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion to Strike Plaintiff Sapia's Memorandum (Doc. 84) filed by Defendant Fields is **DENIED**.

2.  The Motion to Strike Certain Transcripts Filed in Support of Plaintiffs' Opposition to Defendants' Motions for Summary Judgment (Doc. 85) filed by Defendants Alfano, Fields, and Doyle is **DENIED**.  However, if Plaintiffs do not properly authenticate the telephone call transcript (filed at Docs. 78-1 & 79-1) **on or before Friday, February 17, 2012**, it will not be considered by the Court in addressing the pending summary judgment motions.

3.  Plaintiffs' Motion to Strike Affidavits of Officers Alfano and Fields (Doc. 97) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 10th day of February, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record